UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:25-cv-26100-BB

HONG KONG YU'EN E-COMMERCE CO. LIMITED,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,

Defendants.

_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 20, 21, 12(b)(2) AND 12(b)(6)**

Defendant Zhengqianqian (Amazon Seller ID: A2H1DFXTXC1LRJ) ("Defendant"), by and through undersigned counsel, respectfully moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(6) for failure to state a claim, and alternatively, for misjoinder under Rule 20(a)(2) with severance under Rule 21. In support, Defendant states as follows:

**I. INTRODUCTION**

Plaintiff alleges trademark infringement and related Lanham Act claims (15 U.S.C. §§ 1114, 1125(a), etc.) against numerous anonymous online sellers listed on Schedule A, claiming they sell infringing goods via e-commerce platforms like Amazon. The Complaint is a boilerplate, conclusory pleading that provides no defendant-specific facts. It lacks any

allegations tying Defendant's alleged conduct to Florida or plausibly showing infringement by Defendant. As a foreign entity with no Florida contacts, Defendant is not subject to personal jurisdiction here. Even if jurisdiction existed, the Complaint fails *Twombly/Iqbal* plausibility.

## II. LEGAL STANDARDS

Personal Jurisdiction (Rule 12(b)(2)): The Court applies Florida's long-arm statute (Fla. Stat. § 48.193) and constitutional due process. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Specific jurisdiction requires: (1) the claim arises from defendant's purposeful contacts with Florida; and (2) jurisdiction comports with fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Mere nationwide online availability or U.S. sales do not suffice without purposeful direction toward Florida or evidence of Florida-specific sales/conduct. *Li v. Schedule A Defs.*, 0:23-cv-62295 (S.D. Fla. Oc. 24, 2025)

Failure to State a Claim (Rule 12(b)(6)): The Complaint must allege facts plausibly showing entitlement to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For Lanham Act infringement, Plaintiff must plausibly allege: (1) ownership of a protectable mark; and (2) likelihood of confusion from defendant's use. Conclusory recitals (e.g., "infringing use") are insufficient without facts showing defendant's specific conduct, use as a mark, or confusion.

Misjoinder and Severance (Rules 20 & 21): Defendants may be joined only if (1) claims arise from the same transaction/occurrence or series, and (2) a common question of law or fact exists. Fed. R. Civ. P. 20(a)(2). Misjoinder is not grounds for outright dismissal of the action but allows the court to sever claims or drop parties on just terms. Fed. R. Civ. P. 21. In Schedule A

trademark cases, courts often sever unrelated defendants absent shared transactional nexus or common facts beyond the same mark, to promote efficiency and avoid prejudice.

### III. ARGUMENT

**A. The Court Lacks Personal Jurisdiction Over Defendant (Fed. R. Civ. P. 12(b)(2))**

The Complaint fails to establish specific personal jurisdiction over Defendant. It alleges only that Defendants are foreign entities offering goods for sale in the United States via e-commerce, with no facts showing purposeful availment of Florida's market, such as targeted advertising, Florida-specific sales, shipments to Florida residents, or other contacts.

Florida's long-arm statute extends to constitutional limits. See Fla. Stat. § 48.193(1)(a) (specific acts like committing tort in Florida) and § 48.193(2) (general jurisdiction via substantial activity). For specific jurisdiction, the suit must arise from forum-related contacts. Burger King, 471 U.S. at 472-73. Here:

- No allegations of actual sales, deliveries, or offers to sell in Florida.
- No evidence of Florida targeting (e.g., local ads, customer data, or platform settings).
- Generic nationwide availability on Amazon is insufficient without purposeful direction toward Florida. Courts in this district and the Eleventh Circuit have rejected jurisdiction over foreign online sellers absent Florida-specific contacts or evidence.

Exercising jurisdiction would offend due process, as Defendant could not reasonably anticipate defending in Florida based on bare allegations. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980). Dismissal under Rule 12(b)(2) is warranted; no prima facie showing exists to justify jurisdictional discovery.

**B. The Complaint Fails to State a Claim (Fed. R. Civ. P. 12(b)(6))**

Even assuming jurisdiction, the Complaint is deficient. It generically alleges infringement via "unauthorized use" of Plaintiff's mark but provides no facts specific to Defendant: no identification of Defendant's listings, no screenshots/descriptions of alleged infringing products, no allegation that Defendant uses the mark as a source identifier (vs. descriptively or nominatively), no facts showing likelihood of confusion (e.g., similarity, actual confusion, marketing overlap), and no counterfeiting details (identical/substantially indistinguishable marks).

These are threadbare recitals insufficient under *Iqbal*. Plaintiff must plead plausible facts showing Defendant's conduct causes confusion as to source/origin. Mere joinder in a Schedule A list does not cure this. Dismissal is appropriate.

**C. Misjoinder Under Rule 20 Warrants Severance Under Rule 21**

The Complaint improperly joins dozens (or more) unrelated defendants under Schedule A. Rule 20(a)(2) requires that claims against each defendant arise from the same transaction, occurrence, or series of transactions or occurrences, and that a common question of law or fact exist among them. Here, no factual allegations show Defendant's alleged sales or listings arise from the same transaction or series as other defendants (e.g., no shared supply chain, coordination, or identical products alleged).

The Complaint generically asserts infringement of the same mark but provides no evidence of interconnected conduct. Mere infringement of the same trademark does not satisfy Rule 20's "same transaction" prong.

No common factual questions exist beyond the mark itself—e.g., different sellers, potentially different product variations, pricing, marketing, or customer bases. Common legal questions (e.g., mark validity) are insufficient alone without a transactional link.

In *Omega v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified,* 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023), the FLSD court ruled that:

> Plaintiffs contend that Defendants are properly joined under the first prong of Rule 20(a)(2) because 'Defendants are "concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of one or more of Plaintiffs' Marks,"'2"the Court is not persuaded that Defendants' conduct is sufficiently logically connected such that the Court can determine that each Defendant's conduct arises out of the same transaction or occurrence or series of transactions or occurrences" *Id.,* at 1353. The Southern District Court refused to join the defendant *Omega*, by ruling that "Plaintiffs' broad, conclusory allegations of connectivity do not establish a sufficient connection between Defendants to permit joinder. *See Ilustrata Servicos Design, Ltda.*, 2021 WL 5396690, at *2 (finding allegations insufficient to permit joinder in trademark infringement action despite allegations of common features among seller defendants including "user name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images")."

See *Omega v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified,* 650 F. Supp. 3d 1349, 1352 (S.D. Fla. 2023).

Here, simply alleging infringement of same Mark with similar pattern does not suffice to join Defendant under Rule 20. Defendant requests severance of its claims (or dismissal from the action) under Rule 21, allowing separate proceedings if Plaintiff wishes to pursue them.

### IV. CONCLUSION AND REQUEST FOR RELIEF

Defendant respectfully requests that the Court:

1. Dismiss the Complaint against Defendant with prejudice under Rule 12(b)(2) for lack of personal jurisdiction;

2. Alternatively, dismiss under Rule 12(b)(6) for failure to state a claim;

3. In the further alternative, find misjoinder under Rule 20(a)(2) and sever Defendant's claims (or drop Defendant) under Rule 21;

4. Grant such other relief as the Court deems just and proper, including costs if appropriate.

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
jamesliulaw@gmail.com
jianyin.cdc@gmail.com
The Law Offices of James Liu, PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209-6188

Date: Feb. 5, 2026.

## CERTIFICATE OF SERVICE

I certify that this document has been served to all parties on record via CM/ECF on this Feb. 5, 2026.

/s/ Jianyin Liu