IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1:25-cv-26100–BLOOM/Elfenbein**

HONG KONG YU'EN E-COMMERCE CO. LIMITED,

        Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,

        Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS COMPLAINT**

COMES NOW, Plaintiff Hong Kong Yu'En E-Commerce Co. Limited ("Plaintiff"), by and through the undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure and hereby submits this Response in Opposition to Defendant Zhengqianqian's Motion to Dismiss Complaint [Dkt. No. 23] and respectfully states as follows:

**I.**    **INTRODUCTION**

Defendant Zhengqianqian ("Defendant") has moved to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(6) for failure to state a claim, and alternatively, for misjoinder under Rule 20(a)(2) with severance under Rule 21. Defendant's motion should be denied in its entirety because: (1) each Defendant directly targets business activities towards consumers throughout the United States, including Florida; (2) Plaintiff has adequately stated claims for trademark infringement; and (3) the Defendant is properly joined in this action.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought this action against the Defendants for federal trademark infringement of Plaintiff's Mark pursuant to 15 U.S.C. §1114 (Count I), false designation of origin pursuant to 15 U.S.C. §1125 (Count II), common law trademark infringement (Count III), and common law unfair competition (Count IV). Dkt. No. 1. As the Complaint alleges, the Defendants promote, advertise, market, distribute, offer for sale, and sell competing products in connection with and through the use and display of Plaintiff's federally registered Trademark, on their online storefronts (the "Online Stores") identified on Schedule "A" which are maintained on the Amazon sales platform (the "Online Platform").

The Complaint alleges that each of the Defendants are unlawfully and without authorization using Plaintiff's federally registered trademark (the "Brand Trademark") to promote, advertise, market, distribute, offer for sale, and sell its own products, including women's clothing, merchandise, and related items, (the "Counterfeit Products") through their marketplace accounts (the "Online Stores") maintained on the Amazon.com online sales platform (the "Platform"). Dkt. No. 1 at 2; Dkt. No. 8 at 2. In short, the Defendants operate a highly sophisticated network whereby they offer the Counterfeit Products, of lesser quality and at a discounted price, by associating these inferior products with Plaintiff's Brand through the unauthorized use of the Brand Trademark. Dkt. No. 8 at 2.

Specifically, the Defendants created accounts on the Platform to sell their Counterfeit Products through the unauthorized use, employment, digital incorporation, or other online display of the Brand Trademark. *Id*. These tactics include incorporating, without authorization, Plaintiff's Brand Trademark in Search Engine Optimization ("SEO") terms, the descriptions of Counterfeit Products, meta tags, hyperlinks, and other digital assets to direct consumers to their fashion

apparel. Defendants also use the Brand Trademark in their Online Stores under the auspices that they are selling authentic Brand Trademark products when they do not. *Id*.

Plaintiff has alleged that to implement their scheme, the Defendants obtain their Counterfeit Products from a manufacturing source based in the People's Republic of China ("China"). Dkt. No. 8 at 3. The Defendants are alleged to use a manufacturing source such that Defendants knew, or would know, that they do not have authorization to sell or market under Plaintiff's Brand Trademark had Defendant been acting alone. This leads Plaintiff to believe the Defendants are acting in concert with or being encouraged by others. *Id*. The Counterfeit Products being sold by Defendants are simply incapable of being produced independently without the support of a supply chain and manufacturing source capable of supplying considerable, misled, consumer demand. *Id*. Plaintiff has filed this action to stop the Defendants' unauthorized use of the Brand Trademark to promote and sell their Counterfeit Products and continue their scheme of misleading consumers, including the citizens of the State of Florida. *Id*.

Defendant created an Online Store that appears to sell genuine products but instead sells unauthorized and unlicensed competing products to unknowing consumers who mistakenly believe them to be Plaintiff's products because they are advertised using the Brand Trademark. *Id*. The Online Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendant's online intellectual property infringement operation arises from the same transaction, occurrence, or series of transactions or occurrences, as the other Defendants. *Id*.

Defendant offers for sale and sold counterfeit products into the state of Florida. Dkt. No 8 at 4. A counterfeit product was ordered from Defendant on April 4, 2025, was delivered in the state of Florida on April 18, 2025. *Id*.

On January 8, 2026, this Court granted Plaintiff's request for a Temporary Restraining Order ("TRO"), finding that it "has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including consumers in the State of Florida." Dkt. No. 12 at 1. The Court further found that "Plaintiff has presented screenshot evidence that each of the Defendants' e-commerce stores on the online Amazon marketplace platform is reaching out to do business with Florida residents by operating one or more commercial, interactive internet stores that use, without authorization, Plaintiff's Trademark through which Florida residents can and do purchase counterfeit copies of Plaintiff's Products." Dkt. No. 12 at 2.

On February 10, 2026, the Court converted the TRO into a Preliminary Injunction, reaffirming its finding of personal jurisdiction and likelihood of success on the merits. Plaintiff has presented evidence that Defendant sold counterfeit products to Florida residents. Specifically, on April 4, 2025, Plaintiff's agent ordered a product from Defendant's Amazon store, and the product was delivered to Florida on April 18, 2025.

### III.  **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(2) challenges the court's exercise of personal jurisdiction over a defendant. *Lopatine v. Finlink, Inc.*, 2021 U.S. Dist. LEXIS 137436, *3 (S.D. FLA July 23, 2021); *Sculptchair, Inc. v. Century Arts Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). The plaintiff bears the initial burden of establishing a prima facie case of personal jurisdiction, after which the burden shifts to the defendant to challenge plaintiff's allegations. *Id*.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Colomar v. Mercy Hosp., Inc.*, 461 F. Supp. 2d 1265, 1269 (S.D. Fla November 17, 2006); *GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Palm Partners, LLC v. Palm Beach Treatment Ctr., LLC*, 2017 U.S. Dist. LEXIS 133401, *3 (S.D. Fla. August 18, 2017); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

IV.     **ARGUMENT**

**A. This Court Has Personal Jurisdiction Over Defendant**

Defendant's motion to dismiss for lack of personal jurisdiction should be denied because this Court has personal jurisdiction over Defendant, as the Court has already found in prior rulings. In granting the TRO and Preliminary Injunction, this Court specifically found that "it has personal jurisdiction over the Defendants because the Defendants directly target their business activities toward consumers in the United States, including consumers in the State of Florida." Dkt. No. 12 at 1-2; Dkt. No. 24 at 1-2.

Personal jurisdiction exists under both Florida's long-arm statute and federal due process requirements. Defendant is reaching out to do business with Florida residents by operating one or more commercial, interactive Online Stores through which Florida residents can purchase products being sold in connection with the infringing use of the Brand Trademark. Dkt. No. 11 ¶ 3. By directly targeting their unlawful business activities toward consumers in Florida, Defendant causes harm to Plaintiff's business within the Southern District of Florida and has caused and will continue to cause irreparable injury to Plaintiff. As such, this Court has personal jurisdiction over Defendant because Defendant targets Florida residents and has offered to sell and has sold the Counterfeit Products to consumers within the United States, including customers within the State of Florida. *Id*.

Should the Court not find this enough to grant jurisdiction over Defendant, Defendant is a foreign entity; therefore, Plaintiff is an international entity, and Defendant is an international entity. Therefore, the Defendant is not reasonably subject to a state court in this action, and the exercise of jurisdiction comports with notions of fair play and substantial justice because the Defendant targets the United States and could reasonably predict that the same would subject it to jurisdiction in the United States. Therefore, Defendant is subject to jurisdiction under Fed. R. Civ. Pro. 4(k).

The Southern District of Florida regularly exercises personal jurisdiction over websites using registered trademarks and/or copyrights without authorization in connection with the offering for sale and selling of knockoff and counterfeit merchandise to Florida residents over the internet. *See, e.g., Cheng Yizhou v. Individuals, P'ships, and Unincorporated Associated Identified on Schedule "A"*, 2022 U.S. Dist. LEXIS 222468; Betty's Best, Inc. v. Individuals, 2023 U.S. Dist. LEXIS 207706, *23 (S.D. Fla. Nov. 17, 2023); *Crazy Forts Inc. v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A",* 2023 U.S. Dist. LEXIS 72956; Dohler S.A. v. Gift Guru, 2017 U.S. Dist. LEXIS 170280 *13 (S.D. Fla. October 16, 2017) (stating the allegations support a finding that Defendants committed the tortious act of trademark infringement and caused injury to Plaintiff in Florida); *Max'Is Creations v. Individuals*, 2021 U.S. Dist. LEXIS 180656, *3 (S.D. Fla. September 21, 2021); *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1354 (11th Cir. 2013) (stating "because in this case the alleged infringement clearly also occurred in Florida by virtue of the website's accessibility in Florida.") (quoting *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008); *Blue Spring Partners, LLC v. Individuals*, Corps*., Ltd. Liab. Co., P'ships, & Unincorporated Ass'ns Identified on Schedule A*, 2025 U.S. Dist. LEXIS 42576, *7 (S.D. Fla. March 10, 2025).

Application of the above standards to Defendant's business practices demonstrates the Court can properly exercise specific personal jurisdiction over Defendant because it has specifically targeted the sale of the Counterfeit Products to citizens of the State of Florida. Dkt. No. 8 at 7. Moreover, Plaintiff has secured evidence that Defendant has sold these competing products in Florida. *Id*. Given that the Defendant has physically shipped the Counterfeit Products that have intentionally and willfully used, without authorization, Plaintiff's Brand Trademark to consummate such sales, the Court can unquestionably exercise specific personal jurisdiction over it. *Fanatics, LLC v. Individuals*, 2025 U.S. Dist. LEXIS 97844 *11 (S.D. Fla. May 22, 2025); *Christian Dior Couture, S.A. v. Dongguan Chenmei Leather Goods Co.*, 2025 U.S. Dist. LEXIS 233825 *3 (S.D. Fla December 1, 2025).

**B. Plaintiff Has Adequately Stated Claims for Trademark Infringement**

Defendant's motion to dismiss for failure to state a claim should be denied because Plaintiff has adequately alleged the elements of trademark infringement. To state a claim for trademark infringement under the Lanham Act, a plaintiff must allege: (1) that it has a valid mark, and (2) that the defendant's use of the mark is likely to cause confusion.

Plaintiff has alleged that it owns the federally registered "MODLILY" trademark, *i.e.*, the Brand Trademark, which is valid and subsisting. Plaintiff has also alleged that Defendant used the Brand Trademark without authorization to sell competing products, causing consumer confusion. These allegations are supported by specific evidence, including screenshots of Defendant's Amazon store showing unauthorized use of Plaintiff's mark and evidence of actual sales to Florida residents. Dkt. No 11-3 at 7-8; Dkt. No. 8-3 at 2; Dkt. No. 11 ¶¶ 7-11, 14-16, 27-34, 39-44, 46-50, and 52-55.

Contrary to Defendant's assertion, the Complaint is not a "boilerplate, conclusory pleading." Dkt. No. 23 at 1. It contains specific factual allegations regarding Defendant's infringing activities, including the unauthorized use of Plaintiff's mark in product listings on Amazon. Dkt. No 11 ¶¶ 3-6, 11, 14-17, 24, 27-30, 39-42, and 46-48. The Complaint also includes screenshots of Defendant's product listings showing the infringing use of Plaintiff's mark. Dkt. No. 11-3.

**C.   The Defendant Is Properly Joined in This Action**

Defendant's alternative argument for misjoinder should also be rejected. First, Rule 21 explicitly states that "misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Courts applying Rule 21 in the context of alleged misjoinder—including under 35 U.S.C. § 299—have likewise recognized that misjoinder is cured through severance, not dismissal. *See Pathway IP LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Attached Schedule "A"*, No. 24-CV-5218, 2025 WL 815648, at *2 (N.D. Ill. Mar. 13, 2025) (holding that where joinder is improper, the appropriate remedy is severance under Rule 21); *see also Cozy Comfort Co. LLC v. Individuals*, 2024 U.S. Dist. LEXIS 94320, at *30 (N.D. Ill. May 28, 2024) (citing *Fractus S.A. v. AT&T Mobility LLC*, No. 2:18-CV-00135-JRG, 2019 U.S. Dist. LEXIS 121065, at *2 (E.D. Tex. July 19, 2019) (noting that "'misjoinder' under § 299 may be cured via Rule 21.")

Second, Defendant is properly joined under Rule 20(a)(2), which permits joinder of a defendant if: (1) any right to relief is asserted against it jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all Defendant will arise in the action. Here, Plaintiff's claims against all Defendants arise from the same series of transactions or occurrences—namely, the unauthorized use of Plaintiff's Brand Trademark to sell competing

products on Amazon. There are also common questions of law and fact, including the validity of Plaintiff's trademark, the likelihood of confusion, and the Defendants' knowledge of Plaintiff's rights.

The evidence alleged in the Complaint suggests that the Defendant is operating as part of a coordinated network. It uses similar tactics to sell similar products, suggesting a common source or supply chain. This coordination satisfies the "same transaction or occurrence" requirement of Rule 20(a)(2).

### V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety.

Dated: February 17, 2026

Respectfully Submitted,

By: */s/ William R. Brees*
William R. Brees (Bar No. 98886)
william@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs, Suite 100
Henderson, NV 89014
Telephone: (702) 462-5973
*Attorneys for Plaintiff*