# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

HONG KONG YU'EN E-COMMERCE CO. LIMITED,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A" HERETO,

Defendants.

_____/

Case No. 1:25-cv-26100-BB
Judge Beth Bloom
Magistrate Judge Marty Fulgueira Elfenbein

**DEFENDANT ZHENGQIANQIAN'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**
**(Fed. R. Civ. P. 12(b)(2), 12(b)(6), 20 & 21)**

Defendant Zhengqianqian (Amazon Seller ID: A2H1DFXTXC1LRJ) ("Defendant"), by and through undersigned counsel, respectfully submits this reply in support of its Motion to Dismiss (DE 23).

**I. PLAINTIFF'S MANUFACTURED PURCHASE BASIS FOR JURISDICTION FAILS**

Personal jurisdiction requires contacts that the defendant itself creates — not "random, fortuitous, or attenuated" ones created by the plaintiff or third parties. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (The minimum contacts must originate from defendants with the forum state, not created by Plaintiff or any third party.).

Plaintiff's own test purchases — manufactured orders placed by Plaintiff or its agents — are classic examples of unilateral acts by the plaintiff that cannot create jurisdiction. The Eleventh Circuit follows this rule, and other circuits are in accord:

- In the Third Circuit (whose precedent is persuasive and frequently cited in the Eleventh Circuit on this issue), test purchases or manufactured contacts do not establish purposeful availment. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) ("A defendant's contacts with a forum are not established by the unilateral activity of the plaintiff or a third party."); *Nifty Home Prods. Inc. v. Ladynana US*, No. 23-1332, 2024 WL 4987245, at 3 (3d Cir. Dec. 5, 2024) (unpublished) (rejecting jurisdiction based on plaintiff-orchestrated purchases).

- The same principle applies in the Eleventh Circuit. See *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (jurisdiction requires "purposeful availment" created by the defendant, not the plaintiff).

Plaintiff's reliance on its own test purchases to manufacture jurisdiction is insufficient as a matter of law. Defendant has no minimum contacts with Florida, and specific jurisdiction does not exist.

## II. THE COMPLAINT FAILS TO STATE A PLAUSIBLE TRADEMARK CLAIM

Plaintiff's opposition misstates the pleading standard. While general Twombly/Iqbal notice pleading applies, trademark infringement claims require plausible factual allegations showing a likelihood of confusion — the core element. The Complaint contains no defendant-specific facts showing:

- Use of any mark as a source identifier (rather than descriptively or generically),

- Any reasonable likelihood that consumers would believe Defendant's products are affiliated with Plaintiff.

### III. JOINDER IS IMPROPER AND SEVERANCE IS REQUIRED

Plaintiff does not dispute the absence of any single transaction or occurrence connecting Defendant to the other dozens of unrelated Schedule A sellers. Each operates an independent storefront, sources products separately, and sells to different customers. There is no allegation — nor evidence — of conspiracy, coordinated infringement, or shared supply chain.

The infringement analysis for each defendant will be highly individualized. Joinder creates an unwieldy proceeding that prejudices Defendant and wastes judicial resources. Severance under Rule 21 is appropriate.

### IV. CONCLUSION

Plaintiff has not established personal jurisdiction, failed to state a plausible trademark claim, and improperly joined Defendant with dozens of unrelated sellers. The Motion to Dismiss should be granted, and the claims against Defendant dismissed with prejudice.

Respectfully submitted,

Dated: February 18, 2026

/s/ Jianyin Liu
Jianyin Liu
Florida Bar No. 1007675
THE LAW OFFICES OF JAMES LIU, PLLC

15750 SW 92nd Avenue, Unit 20C<br>
Palmetto Bay, FL 33157<br>
Telephone: (305) 209-6188<br>
Email: jamesliulaw@gmail.com

Counsel for Defendant Zhengqianqian

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 18, 2026, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

By: /s/ Jianyin Liu